**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
Todd M. Friedman, Esq. (SBN: 216752)
Suren N. Weerasuriya, Esq. (SBN: 278512)
Adrian R. Bacon, Esq. (SBN: 280332)
tfriedman@attorneysforconsumers.com
nbontrager@attorneysforconsumers.com
abacon@attorneysforconsumers.com
324 S. Beverly Dr., #725
Beverly Hills, CA 90212
Telephone: (877) 206-4741
Facsimile: (866) 633-0228

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CHARLES EICHER,** | Case No.: |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| v. | **JURY TRIAL DEMANDED** |
| **GE CAPITAL BANK,** | |
| Defendant. | |

1. CHARLES EICHER ("Plaintiff") brings this Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of GE CAPITAL BANK ("Defendant"), in negligently and/or willfully contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), thereby invading Plaintiff's privacy.  Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

2. Additionally, this is an action for damages brought by Plaintiff for Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, Cal

COMPLAINT - 1

Civ Code §1788, *et seq.* (hereinafter "RFDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

3. The TCPA was designed to prevent calls and text messages like the ones described herein, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

4. In enacting the TCPA, Congress intended to give consumers a choice as to how corporate similar entities may contact them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer.   TCPA, Pub.L. No. 102–243, § 11. In support of this, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

Id. at § 12.

5. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." Id. at §§ 12-13. See also, *Mims*, 132 S. Ct. at 744.

## JURISDICTION AND VENUE

6. This Court has federal question jurisdiction over Plaintiff's TCPA claims because this cause of action arises out of violations of federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

7. This Court has supplemental jurisdiction over Plaintiff's RFDCPA claims pursuant to 28 U.S.C. 1367.

8. Venue is proper in the United States District Court for the Northern District of California pursuant to 18 U.S.C. § 1391(b) and 1441(a) because Defendant is subject to personal jurisdiction in the County of Santa Clara, State of California and Plaintiff resides within the County of Santa Clara, State of California.

## PARTIES

9. Plaintiff is, and at all times mentioned herein was, a citizen and resident of the State of California. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (10).

10. Plaintiff is informed and believes, and thereon alleges, that Defendant is, and at all times mentioned herein was, a financial institution whose State of Incorporation is Utah. Defendant, is and at all times mentioned herein was a "person," as defined by 47 U.S.C. § 153 (10). Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of California and in the County of Riverside, and within this judicial district.

11. Plaintiff is a natural person residing in Riverside County in the state of California, and is a "debtor" as defined by Cal Civ Code §1788.2(h).

12. At all relevant times herein, Defendant was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "consumer debt," as defined by Cal Civ Code §1788.2(f). Defendant, by servicing consumer home loans, regularly attempts to collect debts alleged to be due to itself and/or another, and therefore is a "debt collector" as defined by the RFDCPA, Cal Civ Code §1788.2(c). *See In re Bank of Am. Home Affordable Modification Program (HAMP) Contract Litig.,* No. 10-MD-02193-

RWZ, 2011 WL 2637222, at *6 (D.Mass. July 6, 2011); *cf. Reyes v. Wells Fargo Bank, N.A.,* No. C-10-01667JCS, 2011 WL 30759, at *20 (N.D.Cal. Jan. 3, 2011).

## **FACTUAL ALLEGATIONS**

13. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaitn, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

14. On or around March 17, 2014, Plaintiff filed a petition for bankruptcy. Plaintiff subsequently received a discharge of his debts pursuant to Title 11 of the United States Code.

15. Plaintiff alleges, and thereon believes that Defendant's name appeared on Plaintiff's petition for bankruptcy.

16. The discharge of Plaintiff's debt notwithstanding, Defendant still incessantly contacted or attempted to contact Plaintiff regarding the alleged discharged debt.

17. Plaintiff is a seventy-seven (77) year old gentlemen and receives calls on a virtual daily basis. He receives calls with such regularity and frequency as to constitute harassment under the given circumstances.

18. On a weekly basis, during all relevant times, Plaintiff received about twenty (20) calls per week from Defendant.

19. Defendant routinely calls from telephone number (678)518-2437.

20. Defendant called Plaintiff on his cellular telephone with enough frequency and regularity to constitute harassment under the circumstances.

21. Plaintiff retained legal counsel regarding the instant matter. On or around July 18, 2014, Plaintiff sent Defendant a notice of representation. Defendant has denied any wrongdoing.

22. The calls Defendant placed to Plaintiff's cellular telephone were placed via an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227 (a)(1) as prohibited by 47 U.S.C. § 227 (b)(1)(A).

23. This ATDS has the capacity to store or produce telephone numbers to be dialed, using a random or sequential number generator.

24. The telephone number that Defendant, or its agents, called was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227 (b)(1).

25. These calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

26. As of September 2010, Plaintiff effectively revoked any permission or invitation Defendant had, if it even existed to begin with, to place automated collection calls to Plaintiff's cellular telephone. Thus, as of September 2010, Plaintiff did not provide Defendant or its agents with prior express consent to receive spam text messages, pursuant to 47 U.S.C. § 227 (b)(1)(A).

27. These telephone calls by Defendant, or its agents, violated 47 U.S.C. § 227(b)(1).

### FIRST CAUSE OF ACTION
### NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227 ET SEQ.

28. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

30. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq, Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

31. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227 ET SEQ.

32. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

34. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq, Plaintiff is entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C).

35. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## THIRD CAUSE OF ACTION
## VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

36. Plaintiff reincorporates by reference all of the preceding paragraphs

37. Defendant's conduct constitutes numerous violations of the RFDCPA, including but not limited to:

   a. Defendant violated the §1788.11(d) of the RFDCPA by causing

       Plaintiff's telephone to ring repeatedly or continuously to annoy the person called.

b. Causing Plaintiff's telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff (§1692d(5));

c. Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff (§ 16925(c)(a)(1));

d. Communicating, by telephone or in person, with Plaintiff with such frequency as to be unreasonable and to constitute harassment to Plaintiff under the circumstances (Cal. Civ. Code § 1788.11(e)); and

e. Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff (§ 1692d)).

f. Defendant violated the §1788.17 of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, 15 U.S.C. § 1692 *et seq*. to wit: Sections 1692d, 1692d(5), 1692c(c).

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendant:

**FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATIONS OF THE TCPA, 47 U.S.C. § 227 ET SEQ.**

38. As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

39. Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

40. Any other relief the Court may deem just and proper.

**SECOND CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA, 47 U.S.C. § 227 ET SEQ.**

41. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C).

42. Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

43. Any other relief the Court may deem just and proper.

**THIRD CAUSE OF ACTION**
**VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

44. Statutory damages of $1000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788.30(b),

45. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ Code § 1788.30(c), and

46. Any other relief that this Honorable Court deems appropriate.

**TRIAL BY JURY**

47. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted this 10th day of October, 2014

LAW OFFICES OF TODD M. FRIEDMAN, P.C.

By: /s/ Todd M. Friedman
Todd M. Friedman
Law Offices of Todd M. Friedman
Attorney for Plaintiff